**RECEIVED**

Case 5:21-mj-00125-MLH   Document 1-1   Filed 09/21/21   Page 1 of 5 PageID #:  2

5:21-mj-00125-01

SEP 2 1 2021

TONY R. MOORE CLERK
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT LOUISIANA
BY

## AFFIDAVIT

Your affiant has been employed as a Special Agent with the Federal Bureau of Investigation since 2007.  As part of my duties as an FBI Special Agent, affiant is charged with enforcing federal law and conducting investigations related to federal crimes.  Affiant has received training and participated in numerous FBI investigations which have involved the use of the internet, social media, electronic mail (email), cellular telephones and computers

1.     On the evening of September 16, 2021, the FBI received an online complaint via the National Threat Operations Center regarding social media posts made by user "SeiZ" to an identified digital distribution platform (digital platform 1)[1]. The complaint noted the individual in question had been a "formerly calm member of an online community (who) has had a mental breakdown, threatening violence, doxing, talking about the supposed fun of school shootings, being racist and homophobic, and making pedophilic comments." The complainant, whose identifying information indicated they were likely based in Europe, provided specific posts of which one, dated 9/10/2021, is copied below:

---

[1] Digital platform 1 is a global group chatting application that originally provided "gamers" with a place to organize and chat. However, since its launch the platform has expanded and now boasts over 140 million global users with a majority using the site for nongaming purposes or a mix of nongaming and everyday use. According to the company's privacy policy, digital platform 1 is located in the United States.



Another post with no date is as follows:



2.      On September 16, 2021, law enforcement obtained records from digital platform 1 via an emergency records request that provided an email address and a specific IP address for activity between September 9th and September 10th. Using this specific IP address, law enforcement obtained records from Internet Service Provider 1 who provided records that this account was registered to Man Nquyen (sic), 850 Surrey Road, Shreveport, Louisiana.

3.      On September 17, 2021, law enforcement attempted to speak in person with Man Nguyen, 850 Surrey Road, Shreveport, but was unsuccessful. Using the IP address provided by digital platform 1, law enforcement also obtained records via an emergency disclosure from social media provider 1 that indicated the user of this account was also Man Nguyen, 850 Surrey Road, Shreveport, Louisiana 71105. Your affiant validated this information via a review of property records that indicate this individual was a partial owner of this property.

4.      On September 17, 2021, your affiant and an officer of the Shreveport Police Department conducted an interview at this address and spoke to several individuals who lived there including Man and PETER NGUYEN. PETER NGUYEN acknowledged he had made the threatening posts on digital platform 1.  He said he had been dealing with a lot of "stuff" for months regarding his mental health. Specifically, he had told his mother he needed to speak to a psychologist but had not yet done so.

5.      NGUYEN said he had previously thought about committing a school shooting.  NGUYEN described what he said were dreams and violent visions he had

of school shootings. He said these dreams and visions were an outlet that in some ways helped him cope with these thoughts.

6.      NGUYEN was shown both of the above screen shots from digital platform 1. He confirmed he had made both these posts and that his username was SeiZ. NGUYEN reviewed the second posting with the image of the knife for a longer time than the posting related to the shooting. He said this post with the knife that said he was going to stab someone was not something he would really have done. At the conclusion of the interview, NGUYEN was taken into custody for a psychological evaluation.

7.      Section 875 of Title 18 prohibits the transmission in interstate or foreign commerce of, inter alia, a threat to kidnap or injure any person, either with or without the intent to extort. Title 18, United States Code, Section 875 applies to both interstate and foreign telephone calls or other communications. Thus, any communication that crosses state or national borders is included within the scope of the provision.

8.      It is your affiant's training and experience that the communications made by NGUYEN on digital media platform 1 were made in both interstate and foreign communication. Specifically, digital media platform 1 is a global media application and the complaint was filed by an individual who appears to reside in Europe.

9.      Based on the above facts and circumstances, your affiant believes that

sufficient probable cause exists for the arrest of NGUYEN based on a violation of 18

U.S.C. § 875(c), Interstate Communications, on or about September 10, 2021.


Matthew R. Johnson
Special Agent
Federal Bureau of Investigation


Subscribed and sworn to before me this 21st day of September, 2021.


Mark L. Hornsby
United States Magistrate Judge